# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: 2123263786
MPASLAVSKY@JONESDAY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2023

July 5, 2023

7/6/2023

BY ECF

No stay

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

Re:   *Cochran v. Experian Information Solutions, Inc.*, 1:23-cv-04536-CM
      Defendant Experian Information Solutions, Inc.'s Motion to Stay Discovery

Dear Judge McMahon:

MEMO ENDORSED

Defendant Experian Information Solutions, Inc. ("Experian") respectfully asks that the Court stay discovery pending resolution of Experian's motion to dismiss. On July 5, 2023, Experian filed its Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b). (ECF Nos. 11, 12.) Experian requested Plaintiff's consent to the stay pending resolution of the motion to dismiss, but, as of this filing, Experian has not received a response.

There is good cause to stay discovery here, pending resolution of the motion to dismiss. The Court has "considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Bennett v. Cuomo*, No. 22-cv-7846-VSB, 2023 WL 2021560, at *1 (S.D.N.Y. Feb. 15, 2023) (internal quotations omitted).

In determining good cause, courts "look to the particular circumstances and posture of each case." *Ruocchio v. Panera LLC*, No. 22-cv-2564-DG-JMW, 2023 WL 2403627, at *2 (E.D.N.Y. Mar. 8, 2023) (internal quotations omitted). While a pending motion to dismiss does not automatically stay discovery, "a pending motion to dismiss may constitute the good cause required for a stay of discovery." *Ruilova v. 443 Lexington Ave, Inc.*, No. 19-cv-5205-AJN, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (internal quotations omitted). Courts evaluating good cause generally consider: "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *K.A. v. City of New York*, No. 16-cv-04936-LTS-JW, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (same).

The "strength of the motion" prong can also be described as requiring the "party seeking a stay [to] present substantial arguments for dismissal" or to make a "strong showing that the plaintiff's claim is unmeritorious." *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d

JONES DAY

Hon. Colleen McMahon
July 5, 2023
Page 2

533, 534 (S.D.N.Y. 2022) (internal quotations omitted). As Experian explains more fully in its motion to dismiss, Plaintiff's Complaint should be dismissed on two independent grounds. First, Plaintiff fails to allege specific information on her consumer credit report that is inaccurate. (*See* ECF No. 12 at 3–6.) Second, Plaintiff fails to sufficiently allege that Experian's procedures were unreasonable. (*See id.* at 6–8.) Each of those is a requirement for pleading a claim. (*See id.* at 3–6, 6–8.) Accordingly, Experian has made a strong showing that Plaintiff's claim is unmeritorious, and this Court should grant Experian's motion to stay. *See e.g.*, *Samuel v. City of New York*, No. 22-cv-2404-GHW, 2022 WL 1204701, at *1 (S.D.N.Y. Apr. 22, 2022) (granting defendant's motion to stay discovery pending briefing and resolution of the motion to dismiss because "of the nature of [d]efendant's arguments that [p]laintiff's claims [we]re unmeritorious"); *Cota v. Art Brand Studios, LLC*, No. 21-cv-1519-LJL, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (granting motion to stay because "without prejudging the merits, it appear[ed] that the motion to dismiss [would] likely succeed on the merits"); *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 15-cv-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (granting motion to stay because defendants' motion to dismiss appeared "to have substantial grounds").

As to the second and third factors, breadth of discovery and potential prejudice to the party opposing the stay, *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72, no party in this action has sought discovery yet and no discovery schedule has been ordered by the Court. There is no prejudice beyond the passage of reasonable time, which without more, "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2019).

Staying discovery until the Court decides the motion will conserve the Court's and the parties' resources by avoiding unnecessary discovery. The motion to dismiss will likely dispose of Plaintiff's insufficiently-pled claims, entirely obviating the need for discovery. *See Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 08-cv-3166-NG-MDG, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting defendants' motion to stay discovery pending the outcome of their motion to dismiss on balance in part because the "resolution of the motion to dismiss may obviate the need for potentially onerous discovery").

Accordingly, Experian asks that the Court stay discovery until the Court decides Experian's motion to dismiss. The requested stay would include deferring the parties' submission of a proposed Case Management Scheduling Order, which is currently due on July 12, 2023 (ECF No. 10).

JONES DAY

Hon. Colleen McMahon
July 5, 2023
Page 3

> Respectfully submitted,
>
> */s/ Michael T. Paslavsky*
>
> Michael T. Paslavsky

cc:  Ms. Thomasina Tara Cochran (by CM/ECF and Priority mail)